J-S31028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1800 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001212-2014

-------------------------------------------------------------------------------

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1801 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001353-2012

-------------------------------------------------------------------------------

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 1802 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015

In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000364-2013

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                **FILED JUNE 09, 2016**

Ashlynn Taylor Hartman appeals from the judgments of sentence imposed September 16, 2015, in the Franklin County Court of Common Pleas, with respect to the above-captioned consolidated cases. The trial court imposed an aggregate term of 30 to 72 months' imprisonment, following Hartman's violation of the terms of her probation and parole in three separate cases.[1] On appeal, Hartman challenges the discretionary aspects of those sentences. However, because counsel for Hartman has filed what purports to be an **_Anders_**[2] brief, without an accompanying petition to withdraw, we remand this appeal with instructions.

In light of our disposition of this appeal, we need not recite the factual and procedural history of these consolidated cases. We note only that, at each docket, Hartman violated the terms of a probationary sentence imposed following a guilty plea, and at Docket Nos. 1353-2012, and 364-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The same day, Hartman was sentenced to a consecutive term of eight to 36 months' imprisonment following her guilty plea to charges of possession of a controlled substance and theft (Docket No. 6-2015). The appeal from that conviction is listed in this Court at Docket No. 2027 MDA 2015.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

2013, she did so more than once. After the most recent violation, she was sentenced, on September 16, 2015, to the following: (1) at Docket No. 1212-2014 (1800 MDA 2015), a term of six to 12 months' incarceration for receiving stolen property;[3] (2) at Docket No. 1353-2012 (1801 MDA 2015), a term of 12 to 36 months' imprisonment for possession with intent to deliver controlled substances;[4] and (3) at Docket No. 364-2013 (1802 MDA 2015), two consecutive terms of six to 12 months' imprisonment for possession of controlled substances and possession of drug paraphernalia.[5] All the sentences were imposed to run consecutively to each other, and consecutively to a sentence imposed at Docket No. 6-2015. *See supra* n.1. With respect to each docket, Hartman filed a post sentence motion seeking modification of her sentence, which the trial court denied. This timely appeal followed.[6]

Before we may consider the substantive claims on appeal, however, we must address the self-described *Anders* brief filed by appointed counsel.

_____

[3] 18 Pa.C.S. § 3925(a).

[4] 35 P.S. § 780-113(a)(30).

[5] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

[6] On October 23, 2015, the trial court ordered Hartman to file a concise statement of errors complained of on appeal. Hartman complied with the court's directives and filed three identical concise statements on November 12, 2015.

Pursuant to **Anders** and its progeny, in order for counsel to withdraw, she

must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en*

*banc*).

Here, counsel has failed to petition this Court for leave to withdraw.

Moreover, she did not indicate that she sent a copy of the **Anders** brief to

Hartman, or advised Hartman of her right to retain new counsel or proceed

*pro se.* Accordingly, we remand this matter to the trial court and direct

counsel, within 30 days of the filing of this memorandum, to either file a

petition for leave to withdraw and **Anders** brief[7] that comply with the

---

[7] In order to satisfy the requirements for withdrawal, an **Anders** brief, filed by counsel, must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). The brief filed on appeal satisfies these criteria.

requirements of **Cartrette** and **Santiago**, or file an advocate's brief.  Should counsel petition to withdraw, we direct her to simultaneously inform Hartman of her rights pursuant to **Cartrette**.

Case remanded for proceedings consistent with this memorandum.[8] Panel jurisdiction retained.

---

[8] We note that Hartman is represented by the same attorney at Docket No. 2027 MDA 2015, which involves the appeal from the judgment of sentence imposed the same day as the revocation sentences herein.  Although counsel properly filed a petition for leave to withdraw, and accompanying **Anders** brief in that appeal, she did not list the trial court docket numbers herein on that petition to withdraw.